[Crim. No. 2460. In Bank.—May 23, 1922.]

## In the Matter of the Application of HUGH NEWELL for a Writ of Habeas Corpus.

[1] ORDINANCES—IMMEDIATE OPERATION—NECESSITY— DETERMINATION OF SUPERVISORS — REVIEW BY COURTS. — The determination of a board of supervisors that facts exist which make it necessary for an ordinance to take effect immediately is not conclusive, and the court may, and when a case requires it to do so, must, inquire into and determine for itself the existence or nonexistence of the facts upon which the declaration of necessity is based.

[2] ID.—PREVENTION OF SHIPMENT OF FROZEN CITRUS FRUITS — CHARACTER OF MEASURE—TIME OF TAKING EFFECT.—A county ordinance declaring it to be unlawful for any person to ship or offer for shipment citrus fruits in boxes or other containers or in bulk, if the contents of any package or of the fruit in bulk contains fifteen per cent or more of citrus fruits showing in two or more segments of each fruit marked evidence of frost injury, is not a measure for the preservation of public peace, health, or safety under section 4058 of the Political Code, and a declaration in such ordinance that it shall take effect immediately is not effective, but the measure takes effect within thirty days after its passage.

PROCEEDING in Habeas Corpus to secure release from custody for a violation of a county ordinance relating to the shipment of frozen citrus fruits. Petitioner discharged.

The facts are stated in the opinion of the court.

Leonard, Surr & Hellyer for Petitioner.

U. S. Webb, Attorney-General, Thomas Lee Woolwine and Tracy Chatfield Becker for Respondent.

SHAW, C. J.—The petitioner, by a proceeding in *habeas corpus*, seeks release from custody on a charge that he has violated the provisions of an ordinance of the county of Los Angeles passed by the board of supervisors on January 22, 1922.

The provision of the ordinance which he is charged with having violated declares it to be unlawful for any person to

ship or offer for shipment "citrus fruits in boxes or other containers or in bulk if the contents of any package or of the fruit in bulk contains fifteen per cent or more of citrus fruits showing in two or more segments of each fruit marked evidence of frost injury."

The Political Code (sec. 4057) provides that, except as provided in section 4058, no ordinance "shall take effect within less than thirty days after its passage." Section 4058 provides for a referendum and that such referendum may be initiated by a petition presented to the board of supervisors within thirty days after the final passage of the ordinance, with respect to all ordinances, except, among others, any "ordinance for the immediate preservation of the public peace, health or safety."

The ordinance in question declares that it shall take effect immediately upon its passage, and that this declaration is made "because the adoption and the enforcement hereof is necessary for the immediate preservation of the public peace, health and safety by reason of the fact that the public peace, health and safety is now being endangered by the transportation and sale of frozen citrus fruits."

[1] It is a settled rule applicable to such powers given to a board of supervisors by statutes of this character that the determination of the board that the facts exist which make it necessary for an ordinance to take effect immediately is not conclusive and that the court may, and when a case requires it to do so must, inquire into and determine for itself the existence or nonexistence of the facts upon which the declaration of necessity is based. (*San Christina etc. Co.* v. *San Francisco,* 167 Cal. 772 [52 L. R. A. (N. S.) 676, 141 Pac. 384]; *Josselyn* v. *San Francisco,* 168 Cal. 441 [143 Pac. 705]; *Keyes* v. *San Francisco,* 177 Cal. 317 [173 Pac. 475]; *Burr* v. *San Francisco,* 186 Cal. 508 [17 A. L. R. 581, 199 Pac. 1036].)

The ordinance was passed on January 22, 1922, and the complaint against the petitioner, filed in March, 1922, charges that he did, on February 10, 1922, ship and offer for shipment to the Southern Pacific Railroad Company three boxes of oranges, more than fifteen per cent of which oranges showed, in two or more segments of each orange, marked evidence of frost injury. It will be seen that at the time the alleged offer was made the ordinance was not

in force, unless the declaration aforesaid that it was necessary for it to be immediately effective was valid for that purpose, that is, unless such enforcement was necessary for the immediate preservation of the public peace, health, or safety. It is conceded that the date charged is the true date of the act charged. Hence the rule that the date is not material in a criminal complaint and that the commission of the act can be proven to have occurred at any time within the period of limitation need not be considered.

[2] It will not be contended that the shipment of partly frozen oranges could in any manner endanger the public peace or the public safety. The only branch of the provision of the statute providing for the immediate taking effect of an ordinance which it is necessary to consider is the one referring to the public health. We are of the opinion that the ordinance should not be construed as intended to preserve the public health. The effect of frost upon an orange makes it become tasteless and unpalatable. We are not advised, and it is not suggested, that such frozen oranges are more detrimental to health than other tasteless and unpalatable substances. The outside appearance is calculated to deceive the eye of the buyer, especially if he has had no experience with frozen oranges. But no ordinance is necessary to inform the eater that such an orange is unpalatable or unfit to eat. His sense of taste will impart that information to him at once. Before the process of fermentation begins such an orange is palatable. The purpose of preventing the sale of frozen oranges is not to protect health. The sale and shipment of such oranges, as is well known, constitutes a menace to the interests of the orange growers of the state. It injures the reputation and impairs the market value of California oranges and is likely to cause all orange growers direct and great financial injury. It is for this reason that precautions are taken by them to prevent the sale of such fruit. We do not doubt that on that account reasonable regulations for the prevention of such sales and shipment are within the scope of police power, and we are satisfied that the ordinance was adopted for that purpose alone, and that it was valid as a police regulation as soon as it became effective. For these reasons we are convinced that the ordinance should not be interpreted as a measure for the preservation of public peace, health, or safety. The result

is that under section 4058 aforesaid, it could not take effect immediately, but would take effect within thirty days after its passage, that is, on February 21, 1922. This was after the act in question had occurred, and therefore at the time the act was done it was not unlawful. Consequently, the complaint states no valid charge against the defendant.

Let the petitioner be discharged.

Wilbur, J., Shurtleff, J., Lawlor, J., Sloane, J., Richards, J., *pro tem.*, and Lennon, J., concurred.